JOHNSON, J.
Petitioner seeks reconsideration of our decision in School Dist. No. 1 v. Teachers’ Retirement, 30 Or App 747, 567 P2d 1080 (1977). The petitioner raises two points which warrant discussion.
I. In our opinion we stated:
"TRFA [Teachers’ Retirement Fund Association] was created in 1911 and applies only to teachers employed by the Portland School District. That system, like PERS [Public Employes Retirement System], has annuity and pension components but differs from PERS in two related particulars. Because of investment and actuarial factors TRFA is capable of paying its retirement members a larger annuity than PERS. As a consequence, TRFA retirees under Oregon Laws 1959, ch 613, do not receive the full amount credited to their annuity account, but receive as an annuity payment equal to that which they would receive if they were members of PERS. As a result TRFA has excess funds which have been transferred to an unassigned surplus account. Secondly, TRFA pensions are not funded by the school district. Instead the district pays the pension amounts fixed by the legislature from its current revenues.” 30 Or App at 749-750.
That statement is inaccurate. TRFA is a private nonprofit corporation created in 1911. The TRFA retirement system applies only to teachers employed by the Portland School District. By statute, Portland School District teachers contribute to TRFA which in turn pays retirement benefits under Oregon Laws 1959, ch 613 (now ORS 239.203(1), 239.227(2), 237.147). TRFA members receive benefits equal to that of PERS retirees. The benefits are paid first as an annuity from the accumulated contributions and earnings credited to the retired employes’ account. The difference between the annuity and the PERS benefit is paid by the School District from its current revenues. The School District’s contributions are not funded.
The principal roadblock to merger arises out of the *[338] fact that if the TRFA employes’ contribution were treated as an annuity as under PERS, the TRFA annuity amount would be greater than the PERS annuity because of TRFA’s favorable investment and actuarial experience. To date, the School District has been the beneficiary of this favorable investment and actuarial position because the excess amount of the PERS annuity has been used to offset the School District’s contribution. The controversy concerns the future disposition of this excess in the event of merger. The School District contends the excess should be used to offset its future contributions to PERS. TRFA contends the excess should go to its members.
This restatement of the facts does not change the result or reasoning set forth in our earlier opinion.
II. Petitioner contends that this court erred in holding that there is no justiciable controversy on the ground that there are bases for justiciability other than the 1969 legislation, Oregon Laws 1969, ch 708, which we held not to mandate merger of TRFA and PERS. In particular, petitioner contends that the 1971 legislation resulting in TRFA becoming a "last man’s club” makes a negotiated merger between TRFA and PERS an "economic necessity.” This issue was not raised at any stage in the proceedings below nor on appeal before this court. In effect, petitioner’s argument is that because the parties are unable to agree, the court should become a self-appointed arbitrator directing the terms of negotiation. The parties are under no legal duty to merge and there is no legal authority in the courts to order such a merger or to dictate the terms thereof. It is clear from the legislative history referred to in petitioner’s brief that the 1971 legislature fully contemplated the economic consequences in making TRFA a "last man’s club.” Petitioner’s remedy for any hardship thus created lies with the legislature.
Petitioner’s request for reconsideration is denied.